IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID TAORMINA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 16-1791 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| HERITAGE ENVIRONMENTAL | ) |
| SERVICES, INC. *trading and doing business* | ) |
| *as* SOLID OAK, | ) Re: ECF No. 36 |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is a Motion for an Award of Attorney's Fees, Costs and

Expenses filed Plaintiff David Taormina ("Plaintiff"). ECF No. 36. Plaintiff requests

$18,950.00 in attorney's fees, $1080.00 in paralegal time, and $4433.06 in costs and expenses

for a total of $24,463.00. Id. at 15. The Motion follows Plaintiff's acceptance of an Offer of

Judgment made on June 27, 2017, by Defendant Heritage Environmental Services, Inc.

("Defendant") pursuant to Federal Rule of Civil Procedure 68.[1]  ECF No. 29. The judgment, in

the amount of $6500.00, served to resolve Plaintiff's discrimination claims brought against

Defendant under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§

---

[1] Rule 68 of the Federal Rules of Civil Procedure provides, in pertinent part:

**(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. . . .

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*  ECF

No. 25.

## I.    STANDARD OF REVIEW

It is undisputed that, as the prevailing party, a plaintiff may recover attorney's fees and

costs from an employer who has violated either the ADEA or the PHRA.  Watcher v. Pottsville

Are Emergency Med. Serv., 559 F. Supp. 2d 516, 520-21 (M.D. Pa. 2008).  Although awarding

attorney's fees to the prevailing party under the PHRA is discretionary, under the ADEA, which

has incorporated Section 16(b) of the Fair Labor Standards Act of 1938, a court "shall" allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action in addition to any

judgment awarded to the plaintiff or plaintiffs.  Id. *citing* 29 U.S.C. § 216(b); 29 U.S.C. § 626(b).

See Petrunich v. Sun Bldg. Sys., Inc., 625 F. Supp. 2d 199, 204 (M.D. Pa. 2008), *citing* 43 Pa.

Stat. Ann. § 962(c.2) ("[a]n award of attorney fees and costs under the PHRA is discretionary").

Moreover, it is within this Court's discretion "to determine the reasonableness of the award."

Brusstar v. Se. Pa. Transp. Auth., No. 85-3773, 1988 WL 137319, at *1 (E.D. Pa. Dec. 21,

1988).

## II.    DISCUSSION

Defendant in this case does not dispute that the ADEA and the PHRA provide for the

recovery of attorney's fees or that Plaintiff is the prevailing party in this matter.  Nor can it.  See

Delta Air Lines, Inc. v. August, 450 U.S. 346, 363 (1981) (Powell, J., concurring) ("[a] Rule 68

offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall

be treated as the prevailing party") (internal citations omitted); Albertson v. Winner Auto., No.

01-116, 2004 WL 2435290, at *5 (D. Del. Oct. 27, 2004) ("[p]laintiff is clearly the "prevailing

party" by virtue of his acceptance of Winner's Offer of Judgment").  Nor does Defendant dispute

2

Plaintiff's lodestar calculations or the hourly rates charged by Plaintiff's counsel. Defendant

nevertheless argues that Plaintiff's Motion should be denied because: 1) the Offer of Judgment

accepted by Plaintiff was inclusive of attorney's fees, costs and expenses; 2) Plaintiff is

nevertheless liable for any fees and costs incurred after the June 6, 2017 unaccepted Offer of

Judgment was made because the accepted offer was not more favorable; and 3) the attorney's

fees, costs and expenses claimed by Plaintiff are unreasonable in that: a) the Offer of Judgment

accepted by Plaintiff was $6500.00 after making a demand of $175,000.00; b) Plaintiff's

counsel's time sheets show "demonstrable inflations" of time spent; c) travel costs are not

recoverable where the suit was filed 315 miles from counsel's location; and d) clerical tasks

performed by paralegals are not to be billed at a paralegal rate. The Court will address each

argument *seriatim*.

## A.    Interpretation of the Offer of Judgment

The Offer of Judgment that Plaintiff accepted in this case provides that:

> Pursuant to Rule 68 of the federal Rules of Civil Procedure,
> Defendant Heritage Environmental Services, LLC ("Heritage"), by and
> through its counsel, Kevin L. Colosimo and Daniel P. Craig of Frost Brown
> Todd LLC, hereby renews its offer to allow Judgment to be entered against
> it in this action in the amount of $6,500.00 including all of Plaintiff's claims
> for relief. This offer of judgment is made for the purposes specified in
> Federal Rule of Civil Procedure 68, and is not to be construed as either an
> admission that Heritage is liable in this action, or that Plaintiff has suffered
> any damage. This Offer of Judgment shall not be filed with the Court unless
> (a) accepted or (b) in a proceeding to determine costs.

ECF No. 29-2 at 2. Notably absent from the offer is any reference to attorney's fees or costs

which precludes a finding that fees and costs were included in the offer. As succinctly stated by

the United States District Court for the District of New Jersey:

> When a parties' agreement is silent as to whether the prevailing party may
> receive attorney's fees and costs or whether the prevailing party has waived
> that possibility, the Third Circuit favors a presumption on behalf of the

3

prevailing party's entitlement to fees and costs, especially in the context of civil rights litigation. *See El Club Del Barrio v. United Cmty. Corp.,* 735 F. 2d 98, 100 (3d Cir. 1984) ("a prevailing party should ordinarily recover an attorney's fee unless special circumstances render an award unjust") (citations omitted); *see also Torres v. Metropolitan Life Ins. Co.,* 189 F.3d 331, 334 (3d Cir. 1999) (reaffirming *El Club Del Barrio's* acknowledgment of the Supreme Court's determination that prevailing civil rights plaintiffs are presumptively entitled to recover attorney's fees).

Beginning with *El Club Del Barrio,* the Third Circuit has repeatedly held that only an express and clear waiver will preclude the plaintiffs' possibility of recovering statutorily authorized attorney's fees and costs, and therefore, the Circuit Court rejected the "silence equals waiver" rule and the relevancy of "extrinsic evidence such as the course of negotiations." 735 F.2d 98 at 100; *see also Torres,* 189 F.3d 331 at 333 ("If the parties to a settlement agreement wish to extinguish the prevailing party's claim for attorney's fees, they must do so specifically and expressly in the terms of the agreement."). Accordingly, anything less than a precise, unequivocal statement from the opposing party refusing to pay any attorney's fees and costs will not suffice to waive a statutory right to such fees and costs. "Therefore, where a defendant seeks to settle its total liability on a claim, it shall be incumbent upon the defendant to secure an express waiver of attorney's fees. Silence will not suffice." *Ashley v. Atl. Richfield Co.,* 794 F.2d 128, 138-139 (3d Cir. 1986).

Lazarska v. Cty. of Union, No. 04-02602, 2006 WL 2264455, at *3 (D.N.J. Aug. 8, 2006). Other

courts, including the United States Court of Appeals for the Third Circuit, are in agreement. See

Lima v. Newark Police Dep't., 658 F.3d 324, 331 (3d Cir. 2011) ("[w]hen . . . the offer of

judgment is silent as to fees and costs, they must be fixed by the court after the offer of judgment

is accepted"); Torres v. Metropolitan Life Ins. Co., 189 F.3d 331, 333-35 (3d Cir. 1999) (finding

that disclaimer providing that "Plaintiff specifically releases all claims, charges, or demands

asserted or assertable in the ending Lawsuit," did not release defendants from liability for

attorney's fees and costs because it did not specifically address and waive the possibility of

awarding such fees and costs); Barton v. Mid-Atlantic Flooring Ventures Inc., No. 13-4592,

2015 WL 4914441, at *5 (D.N.J. Aug. 18, 2015) (holding that the plain language of an offer,

which used the language "reasonable attorney's fees," indicated that attorney's fees were not

4

included in the offer amount); <u>Serchen v. Cholish</u>, No. 3:07-1011, 2010 WL 1754485, at \*4

(M.D. Pa. April 28, 2010) (finding that Offer of Judgment for "\$50,000 with costs now accrued"

only applied to liability and entitled the plaintiff to attorney fees and costs in addition to that

amount); <u>Sampson v. Embassy Suites, Inc.</u>, No. 95-7794, 1998 WL 726649, at \*1 (E.D. Pa. Oct.

16, 1998) ("[a] defendant may make a lump sum Rule 68 offer to settle a civil rights or other

claim entitling a prevailing party to attorney's fees . . . . If this is a defendant's intent, however, he

must clearly specify that the offer includes attorney's fees"). <u>See also</u> <u>LaPierre v. City of</u>

<u>Lawrence</u>, 819 F.3d 558, 563 (1st Cir. 2016) (noting that an offer of judgment that is silent "as to

whether it was inclusive of costs, must be read to be exclusive of costs and thus to be neither

'incomplete [n]or ambiguous' as to that issue"); <u>Sanchez v. Prudential Pizza, Inc.</u>, 709 F.3d 689,

692-93 (7th Cir. 2013) (finding that the defendant's offer of "\$30,000 including all of Plaintiff's

claims for relief," without reference to the plaintiff's attorney fees or costs was not sufficiently

specific to include attorney fees); <u>Henderson v. Sterling, Inc.</u>, No. 97-2009, 1998 WL 171340, at

\*4 (4th Cir. April 14, 1998) ("[i]n the absence of either an express agreement by the parties or a

specified sum in the Offer of Judgment, the amount of costs and attorneys' fees are to be

determined by the district court"). Thus, contrary to Defendant's argument, merely offering

judgment in the amount of \$6,500.00 "including all of Plaintiff's claims for relief," does not

suffice to expressly and/or unequivocally include attorney fees and Plaintiff's Motion is properly

before the Court.

## B. The Effect of Defendant's Prior Offer of Judgment

It is undisputed that Defendant made an Offer of Judgment on June 6, 2017, that was

identical to the one and Plaintiff accepted on June 27, 2017. ECF No. 29-2 at 2; ECF No. 38-1 at

32-33. Defendant argues that because the judgment ultimately accepted and entered on the

docket was not more favorable that the original Offer of Judgment made on June 6, 2017,
Plaintiff is responsible for any costs incurred after that date.

As previously discussed, Rule 68(d), which governs the payment of costs when an offer
of judgment is not accepted, provides that: "[i]f the judgment that the offeree finally obtains is
not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the
offer was made." Fed. R. Civ. P. 68(d). Thus, under the plain language of the statute, a plaintiff
is not entitled to be reimbursed for costs he incurred after the offer of judgment was made unless
any judgment ultimately obtained by the plaintiff is *more* favorable than the unaccepted offer of
judgment.

In this case, Plaintiff ultimately received judgment in the amount of $6500.00 which is
precisely the amount of the June 6, 2017 unaccepted offer. Because the amount offered and the
amount of the judgment obtained are exactly the same, it cannot be said that Plaintiff obtained a
more favorable judgment.

Plaintiff's arguments to the contrary are not persuasive. Having faulted Defendant for
failing to cite to any case law to support its position that Plaintiff is not entitled to attorney fees
incurred after June 6, 2017, Plaintiff argues, without citing to any authority, that "[u]nder the
plain language of the rule, if the award is equal to or greater that the offer of judgment, it is as
though the offer was never made," and that Defendant's voluntary renewal of the same offer
somehow is the "functional equivalent of extending the 14-day time period under Rule 68." ECF
No. 40 at 9. As previously discussed, the plain language of Rule 68(d) provides that Plaintiff is
responsible for costs incurred after rejecting an offer of judgment unless the judgment finally
obtained is more favorable. Contrary to Plaintiff's argument there is no language in the rule to
suggest that an award equal to the unaccepted offer of judgment nullifies the offer or relieves

6

Plaintiff of paying the costs incurred after the offer was made.  See Deferio v. Bd. of Tr. of State Univ. of N.Y., No. 5:11-0563, 2014 WL 295842, at *11 (N.D.N.Y. Jan. 27, 2014) ("[a] final judgment that is *equal* to a Fed.R.Civ.P. 68 offer is not *more favorable* than that offer, requiring the offeree to pay the costs incurred after the offer was made") (emphasis in original).  Nor is there any basis for concluding that making a second offer of judgment that is identical to the first, merely extends the 14-day time period.  Indeed, the statute specifically provides that an offer unaccepted within the 14-day period is "considered withdrawn" and that it "does not preclude a later offer."  Fed. R. Civ. P. 68(b).

Plaintiff's final argument that, even if the Court were to find that he is liable for post-offer costs, he is only responsible for costs between June 21, 2017 and June 27, 2017 when the second Offer of Judgment was accepted, is equally unavailing.  Plaintiff's theory, for which he also offers no support, is that because he had 14 days or until June 21, 2017, to consider the June 6, 2017 offer of judgment, the clock didn't start ticking until the 14 days was up.  The statute, however, clearly and unambiguously states that where the offeree obtains a final judgment that is not more favorable than the unaccepted offer, the offeree must pay the costs incurred *after the offer was made.*"  Fed. R. Civ. P. 68(d) (emphasis added).  See Denny v. Hinton, 131 F.R.D. 659, 664 (M.D.N.C. 1990), *aff'd*, 937 F.2d 603 (4th Cir. 1991) ("the Court finds that the case law overwhelmingly supports defendants' position that costs are shifted to the plaintiff as of the date of the offer of judgment").  See also Lowden v. Murphy, 664 F. Supp. 966, 968-69 (E.D. Pa. 1987) ("[i]n a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff -- although technically the prevailing party -- has not received any monetary benefit from the post-offer services of his attorney . . . .  The timely settlement offer therefore stopped the running of plaintiff's attorney's fees and costs").  It does not say the offeree must pay the costs incurred

7

after the 14-day period has expired. Plaintiff, therefore, is responsible for fees and costs incurred

after June 6, 2017. Thus, to the extent that Plaintiff seeks costs from Defendant that he incurred

between June 6, 2017 and June 27, 2017, Plaintiff's Motion is denied.

### C. The Reasonableness of the Attorney's Fees and Costs Claimed by Plaintiff

#### 1. Plaintiff's level of success

It is undisputed that where "a plaintiff has achieved only partial or limited success, the

product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate

may be an excessive amount," Hensley v. Eckhart, 461 U.S. 424, 436 (1983), and that in

measuring the level of success a plaintiff has achieved, the court "is obligated to give primary

consideration to the amount of damages awarded as compared to the amount sought." Farrar v.

Hobby, 506 U.S. 103, 114 (1992), *quoting* Riverside v. Rivera, 477 U.S. 561, 585 (1986)

(Powell, J., concurring in judgment). As stated by the United States Court of Appeals for the

Third Circuit:

> the reason why the damage amount is relevant is not because of some ratio
> that the court ought to maintain between damages and counsel fees. Rather,
> the reason has to do with the settled principle, which we discuss hereinafter,
> that counsel fees should only be awarded to the extent that the litigant was
> successful. The amount of damages *awarded,* when compared with the
> amount of damages *requested,* may be one measure of how successful the
> plaintiff was in his or her action, and therefore "may be taken into account
> when awarding attorneys' fees to a civil rights plaintiff."

Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996), *quoting*

Abrams v. Lightolier Inc., 50 F.3d 1204, 1222 (3d Cir. 1995).

In the instant case, Defendant argues that because Plaintiff made a demand for

$175,000.00, which was 26 times greater than the $6500.00 Offer of Judgment that he accepted,

Plaintiff was only partially successful in litigating his claims and thus any award of attorney's

fees should be drastically reduced. Faulting Defendant for failing to cite any case law to support

8

its position, Plaintiff, without citing to any authority, argues that it was completely successful in this litigation and that its claims for attorney's fees should not be reduced.

The United States District Courts for the Middle District of Pennsylvania and the District of New Jersey, however, have recently found that a reduction in the fees requested is appropriate under similar circumstances. Connors v. Empire Office, Inc., No. 3:14-0913, 2016 WL 278756, \*at 5-6 (M.D. Pa. Jan. 22, 2016) (reducing the lodestar by 16% to reflect the plaintiff's *limited success* on his employment discrimination claims where the plaintiff accepted the defendant's second offer of judgment of \$25,000.00 which was identical to the first offer) (emphasis added); Teamsters Health and Welfare Fund of Phila. and Vicinity v. Courier-Post Co., No. 15-844, 2016 WL 3922634, at \*2 (D.N.J. July 18, 2016) (finding that a downward adjustment from the lodestar was appropriate where Plaintiff had a *limited degree of success* at trial as evidenced by the fact that "plaintiff's award was the same amount defendants offered to settle shortly after the complaint was filed" and "the same amount as defendant's Offer of Judgment") (emphasis added). This Court therefore finds that a downward adjustment is warranted in this case and will reduce the award for attorney's fees by 15%. See Connors, 2016 WL 278756, \*at 6, *quoting* Watcher, 559 F. Supp. 2d at 527 ("[t[he adjustment is within the discretion of the district court and '[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success'").

## 2.    Plaintiff's counsel's alleged "inflation" of time spent

Defendant challenges three entries on the time sheets submitted by Plaintiff in support of his request for attorney's fees. First, Defendant objects to the June 15, 2017 entry (misidentified in Defendant's brief as June 15, 2016), wherein Plaintiff's counsel indicates that he spent .5 hours reviewing case law for Defense counsel who had questioned Plaintiff's counsel's

9

representation that he was entitled to take the depositions of witnesses located in different states by telephone. ECF No. 36-4 at 4. Because Plaintiff's counsel sent a responsive e-mail providing Defendant's counsel with a case supporting his position within five minutes, Defendant argues that Plaintiff's counsel clearly inflated the time spent doing research. ECF No. 38-1 at 16-17. Plaintiff's counsel, however, has indicated that the research he conducted followed Defense counsel's response to the email, in which Defense counsel stated "By stipulation or order of court. We may stipulate once you issue a subpoena but we are not required to do so." ECF No. 40-5 at 2. Counsel for Plaintiff represents that it was apparent from Defense counsel's response that a motion to compel would have to be considered, thereby suggesting that the thirty minutes of research was to find additional case law on telephonic depositions and/or motions to compel.

The Court finds nothing nefarious about Plaintiff's counsel's explanation of the thirty minutes allowed for research and Defendant has not provided any reason to suspect that that there is. As such, Defendant's objection to Plaintiff's June 15, 2017 time sheet entry is overruled.

Second, Defendant objects to Plaintiff's counsel's time sheet entries for .6 hours on March 6, 2017 and .4 hours on March 6, 2017, for drafting and sending Plaintiff's Second Set of Interrogatories and then reviewing Defendant's response thereto. ECF No. 36-4 at 5. Specifically, Defendant objects because only one inquiry was made in Plaintiff's Second Set of Interrogatories and Defendant's Response consisted of one paragraph. ECF No. 38-1 at 54, 57- 60. As argued by Plaintiff, however, drafting the interrogatory required reviewing the file, including Defendant's responses to the First Set of Interrogatories, and that .6 hours to do so and draft a well-crafted interrogatory is not unreasonable. In addition, Defendant's response to the Interrogatory was not merely one paragraph but included thirteen paragraphs of objections and a

10

list of twenty-seven individuals that required some more in depth review. Under these circumstances, the Court does not find Plaintiff's requests for attorney's fees in this regard unreasonable.

Third, Defendant complains that Plaintiff's counsel's entries for .2 hours each on June 24, 2017 and June 25, 2017 for "Settlement negotiations with opposing counsel" are "falsifications" because Defense counsel did not have any contact with Attorney Kolman until June 26, 2017. ECF No. 36-4 at 5. Although the Court declines to find the entries intentionally false, Plaintiff does not dispute that no settlement negotiations took place on those dates. Accordingly, the .4 hours or \$180.00 will be deducted from the award.

### 3.    Plaintiff's counsel's travel expenses

Citing to Sheffer v. Eperian Info. Solutions, Inc., 290 F. Supp. 2d 538, 541-42 (3d Cir. 2003), Defendant argues that because "[t]he Third Circuit has rejected reimbursement for travel costs," Plaintiff is unable to recover travel expenses incurred by counsel traveling from Penndel, Pennsylvania, to Pittsburgh for the mediation held in this case. ECF No. 36-4 at 4. Defendant's citation, and thus its argument, is incorrect. Sheffer was not decided by the Court of Appeals for the Third Circuit but, as evidenced by the citation to the F. Supp. 2d reporter, was decided by the United States District Court for the Eastern District of Pennsylvania.[2] Id. Thus, the Sheffer Court's finding that "courts in this district have historically rejected taxation of costs of this nature," necessarily refers to courts in the Eastern District of Pennsylvania. In contrast, the United States District Court for the Western District of Pennsylvania has found that such fees are recoverable. Haisley v. Sedgwick Claims Mgmt. Servs., Inc., No. 08-1463, 2011 WL 4565494, at *11 (W.D. Pa. Sept. 29, 2011) ("[a]fter the court's own review of the cost entries, the court

---

[2] Defendant also misidentifies the page number in Sheffer where the Court discussed the issue of travel expenses. The discussion appears at page 552, not 541-42.

agrees that the costs," including $408.20 for travel and 274.02 in hotel costs, "are reasonable and reimbursable"). See also Watcher, 559 F. Supp. 2d at 538 ("[t] he cost of attorney travel to depositions and similar events is "routinely allowed" by district courts within this circuit").[3] In addition, as pointed out by Plaintiff, the mediation was mandatory under this Court's ADR rules and thus traveling to Pittsburgh was unavoidable. ADR Policies and Procedures of the United States District Court for the Western District of Pennsylvania, Rule 2.7A.

This having been said, Defendant's argument that it should not have to bear the costs of travelling to court where Plaintiff chose to retain a lawyer situated 315 miles away, is well taken. As this Court has previously noted:

> In *Interfaith Community Organization v. Honeywell International,* 426 F.3d 694 (3rd Cir. 2005) the court stated:
>
>> [U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel. However, where the forum counsel are unwilling to represent the plaintiff, such costs are compensable.
>
> *Interfaith Community,* 426 F.3d at 710; *see also Hahnemann University Hospital v. All Shore, Inc.,* 514 F.3d 300, 311-12 (3rd Cir.2008) (rejecting claim for travel time and associated expenses since there was nothing in the record to suggest forum counsel were unwilling to represent plaintiff); *Pretlow v. Cumberland,* 2005 WL 3500028 at * 9 (D.N.J.2005) (finding that in the absence of any showing that plaintiffs were unable to hire counsel within the forum, plaintiffs' counsel was not entitled to reimbursement for travel costs).

Kurschinske v. Meadville Forging Co., No. 1:06-87, 2008 WL 4462294, at *4 (W.D. Pa. Sept. 30, 2008). Plaintiff has not argued, or otherwise made a showing, that he was unable to retain

---

[3] Moreover, even Courts in the Eastern District of Pennsylvania have awarded travel expenses. Steward v. Sears, Roebuck & Co., No. 02-8921, 2008 WL 1899995, at *6 (E.D. Pa. Apr. 29, 2008) (finding that an attorney loses the opportunity to meet with other clients or perform other legal work when engaged in travel necessary to the case); Arietta v. City of Allentown, No. 04-226, 2006 WL 2850571 (E.D. Pa. Sept. 29, 2006); Rush v. Scott Specialty Gases, Inc., 934 F. Supp. 152 (E.D. Pa. 1996); Haberern v. Kaupp Vascular Surgeons, Ltd., 855 F. Supp. 95 (E.D. Pa.), *vacated in part on other grounds*, 24 F.3d 1491 (3d Cir. 1994).

counsel within the forum. As such, the Court will reduce Plaintiff's request for travel time by

fifty percent. See Witkowski v. Int'l Bhd. of Boilermakers, Iron Shipbuilders, Local Union 154,

No. 06-874, 2010 WL 1433104, at *12 (W.D. Pa. Apr. 7, 2010).

### 4. Clerical tasks performed by paralegals

Defendant argues that the clerical tasks performed by the two paralegals at Plaintiff's

counsel's law firm may not be billed at paralegal rates and the amount requested for such tasks

should be deducted from any fee award. ECF No. 36-4 at 2-3. The Court agrees.

As this Court has previously found, "paralegal time devoted to clerical tasks . . . is

generally not reimbursable." Brown v. City of Pittsburgh, No. 06-393, 2010 WL 2207935, at

*10 (W.D. Pa. May 27, 2010), *citing* Missouri v. Jenkins, 491 U.S. 274, 288 (1989). Indeed, any

number of courts "regularly disallow attorney fees for administrative and clerical tasks which

could otherwise be performed by support staff, including, inter alia, filing documents, preparing

service packets, and completing or reviewing pro hac vice paperwork." Klein v. Colvin, No.

1:14-1496, 2016 WL 3654458, at *4 (M.D. Pa. July 8, 2016), *citing* Miller v. Colvin, No. 3:15-

501, 2016 WL 727180, at *1-2 (M.D. Pa. Feb. 19, 2016), Debose v. Apfel, No. 98-2096, 2000

WL 298927, at *3 (E.D. Pa. Mar. 15, 2000), Laniewski v. Comm'r of Soc. Sec., No. 3:14-1594,

2016 WL 631161, at *2 (M.D. Pa. Feb. 16, 2016), and Burton v. Colvin, No. 3:14-457, 2015 WL

350386, at *1 (N.D. Ohio Jan. 26, 2015). See also Walker v. Gruver, No. 1:11-1223 & 1224,

2013 WL 5947623, at *14 (M.D. Pa. Nov. 5, 2013), *citing* Shaw v. Cumberland Truck Equip.

Co., No. 09-359, 2012 WL 1130605, at *7 (M.D. Pa. Mar. 30, 2012) and Sheffer, 290 F. Supp.

2d at 549 ("[i]t is well-established that time expended to perform clerical work is not

recoverable, especially at an experienced attorney's high hourly rate or even paralegal rates.

Clerical work is instead considered to be part of an attorney's hourly rate as office overhead");

Jordan v. Se. Pa. Transp. Auth., No. 10-3470, 2013 WL 1234149, at *3 (E.D. Pa. Mar. 26, 2013), *quoting* Powell v. SEPTA, No. 05-6769, 2007 WL 1795686, at *6 (E.D. Pa. June 19, 2007) ("the cost of clerical work, such as copying and filing, are ordinarily considered to be part of an attorney's rate as office overhead"); Sheffer, 290 F. Supp. 2d at 549, *citing* Doe v. Ward, No. 98-1746, 2003 WL 22187170, at *10 (W.D. Pa. Sept. 16, 2003) ("[s]ince the costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as overhead, they will not be compensated").

Plaintiff's argument to the contrary is not persuasive. Without discussing any of the above cases, Plaintiff relies solely on Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571 (2008), for the proposition that "a party is entitled to recover paralegal fees at prevailing market rates in an [Equal Access to Justice Act] case." ECF No. 40 at 14. Richlin, however, is readily distinguishable from the instant case as this is this not an Equal Access to Justice ("EAJA") case. Indeed, the issue before the United States Supreme Court in Richlin revolved around "fees and expenses" as defined under the EAJA which "includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees." Id. at 576, *quoting* 5 U.S.C. § 504(b)(1)(A). Because the statue goes on to provide that "[t]he amount of fees awarded under this section shall be based upon prevailing market rates for the kind and quality of the services furnished," the Court was called upon to decide whether paralegal "services" should also be reimbursed at the market rate which is not at issue in the instant case. Id. What is at issue here, is whether purely clerical tasks performed by paralegals are reimbursable which was not raised in Richlin or discussed by the Court. In fact, the Court in Richlin noted in its discussion that the 1984 Senate Report that accompanied the bill

14

that reenacted the EAJA states that "[t]he Act should not be read . . . to permit reimbursement for items *ordinarily* included in office overhead . . . ." Id. at 585 (emphasis in original). As the cases cited above demonstrate, purely clerical tasks are considered to be part of an attorney's rate as office overhead and thus disallowed. That portion of Plaintiff's request for fees and costs therefore will be deducted from the award.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses, ECF No. 36, is properly granted in part and denied in part. Accordingly, the following Order is entered:

## ORDER

AND NOW this 5th day of September, 2017, upon consideration of Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses, ECF No. 36, Defendant's Response thereto, ECF No. 38, Plaintiff's Reply, ECF No. 40, and the accompanying exhibits submitted by the parties, IT IS HEREBY ORDERED that Plaintiff's request for costs and fees is generally granted but is denied insofar as Plaintiff seeks reimbursement for costs and fees incurred between June 6, 2017 and June 27, 2017, and/or paralegal time spent performing clerical tasks. The Court will also reduce the amount of attorney's fees requested for travel by half and impose a downward adjustment of 15% due to Plaintiff's lack of success. Accordingly, as reflected below, Plaintiff shall be awarded $12,916.02 in attorney's fees; $408.00 in paralegal time; and $3,744.06 in costs and expenses for a total of $17,068.08.

## COSTS AND FEES AWARDED

| | |
|---|---|
| **Attorney's Fees Requested**: | $18,950.00 |
| Less fees incurred between 6/6/17 and 6/27/17* | |
| by Attorney Ely (2.3 hrs. x $400/hr.) | -$920.00 |
| by Attorney Sipio (1 hr. x $300/hr.) | -$300.00 |
| by Attorney Kolman (2.4 hrs. x $450/hr.) | -1,080.00 |
| | $16,650.00 |
| | |
| Less half of $3234.06 travel expenses requested | -1,617.03 |
| ($1,494.06 for flight and hotel/$1,740 attorney fees) | $15,032.97 |
| | |
| Less downward adjustment of 15% | -$2,116.95 |
| | **$12,916.02** |
| | |
| **Paralegal Fees Requested**: | $1,080.00 |
| Less fees incurred between 6/6/17 and 6/27/2017 | -$396.00 |
| (3.3 hrs. x $120/hr.) | |
| | |
| Less fees incurred for clerical tasks not already | -$276.00 |
| deducted (2.3 hrs. x $120/hr.) | **$408.00** |
| | |
| **Costs and Expenses Requested** | $4,433.06 |
| Less costs incurred between 6/6/17 and 6/27/17 | -$689.00 |
| | **$3,744.06** |
| | |
| **Total Award:** | |
| Attorney Fees: | $12,916.02 |
| Paralegal Fees: | $408.00 |
| Costs and Expenses | $3,744.06 |
| | **$17,068.08** |

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record via CM/ECF

*The deduction for the $180.00 in attorney's fees charged for settlement negotiations on June 24, 2017 and June 25, 2017, that apparently did not occur, is necessarily reflected here as well.

16